IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | No. 19-414-1 |
| IMAD DAWARA | : | |

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | No. 19-414-2 |
| BAHAA DAWARA | : | |

## ORDER

AND NOW, this 1st day of November, 2019, upon consideration of the Government's unopposed Motion to Continue, and following a teleconference with the parties on October 29, 2019, the Court finds as follows:

1. This case is so unusual and complex due to the nature of the prosecution, the number of witnesses, and the volume of discovery materials, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits established by the Speedy Trial Act.

2. This case is unusual and complex for the following reasons:

    a. The indictment in this matter charges two defendants in 10 counts, alleging conspiracy to commit arson, conspiracy to use fire to commit a federal felony, malicious damage by means of fire of a building used in interstate commerce, wire fraud, mail fraud, use of a fire to commit a federal felony and aiding and abetting.

   b. The evidence and discovery in this case is voluminous and includes a large number of videos and documents.

   c. The evidence includes numerous statements from witnesses, including grand jury transcripts from some of these individuals. The Government expects to spend at least 14 days presenting its evidence at trial, and the Government is not sure of the extent of time or witnesses required of the defense.

   d. The Government intends to provide the discovery to defense counsel on a hard drive provided by defense counsel. Defense will likely need up to two months to review the discovery the Government will provide.

   e. After defense counsels' review of the discovery, the defendants are likely to file pretrial motions. These motions will likely require pretrial litigation due to the complexity of the case.

3. Defense counsel has no opposition to this Motion.

4. The ends of justice served by this continuance outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 1361(h)(7)(A).

5. The failure to grant a continuance will likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(i).

6. This continuance is not granted because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain witnesses on the part of the Government's attorneys. *See* 18 U.S.C. § 3161(h)(7)(C).

7. Accordingly, the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act.

It is therefore ORDERED, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i)–(ii), the Government's unopposed Motion to Continue (Document 20) is GRANTED and the above-captioned case is continued beyond the limits established by the Speedy Trial Act. It is further ORDERED that trial is specially listed for **June 1, 2020**.

BY THE COURT:

Juan R. Sanchez, C.J.