**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | |
| | : | **CRIMINAL NO. 19-CR-414** |
| **IMAD DAWARA** | : | |
| **BAHAA DAWARA** | | |

**UNITED STATES' MOTION FOR A PROTECTIVE ORDER**

   The United States of America, through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Jeanine Linehan, Assistant United States Attorney, move for a protective order concerning certain discovery materials.  In support of this motion, the government states as follows:

   1.  On July 18, 2019, a grand jury returned a 10-count Indictment charging Imad Dawara and Bahaa Dawara with federal arson and fraud.  Specifically, the defendants have been charged with one count of conspiracy to commit arson, one count of conspiracy to use fire to commit a federal felony, one count of malicious damage by means of fire of a building used in interstate commerce, one count of using fire to commit a federal felony, four counts of wire fraud, and two counts of mail fraud.  The total maximum penalties for the charges are 180 years' imprisonment, with a seventeen-year mandatory minimum, a three-year period of supervised release, a $2,500,000 fine, and a $1000 special assessment.

   2.  The government has provided discovery in this matter, and intends to provide additional discovery in the immediate future that contain information about witnesses and individuals who have provided information to the government during the course of its

investigation.  The government is concerned that if copies of this discovery were disseminated to the defendants or their associates, the safety of these witnesses could be compromised.

3.     The recent history of prosecutions in this District demonstrates there are sound bases for the government's concerns. As has been publicized in media accounts, and as the Court is no doubt aware, there have been several past instances where witnesses' photographs, statements, and personal information have been disseminated to other persons, who then threatened, harassed, harmed—or even killed—cooperating witnesses.

4.     The government is also aware of multiple instances in this District where witnesses' statements have been passed around the Federal Detention Center. Indeed, for this very reason, the Clerk for the District Court of the Eastern District of Pennsylvania no longer uploads plea or sentencing documents to PACER, as a universal (i.e., not case-specific) safeguard to prevent cooperator information from being electronically searched or disseminated from court websites.

5.     While the government of course will provide discovery to defense counsel in this and all cases, the government wishes to do so under circumstances that will prevent the wider dissemination—whether accidental or intentional—of information about any witness or person who may choose to cooperate with or provide information to the government.

6.     Federal Rule of Criminal Procedure 16 (Discovery and Inspection) anticipates these concerns and provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Rule 16(d)(1).

7.     Pursuant to this provision, courts have routinely issued protective orders like the one the government now seeks. For example, a court in the Southern District of New York

granted a protective order that (a) required defense counsel to return or destroy all copies of Jencks material at the conclusion of the case, (b) prohibited defense counsel from disseminating material to anyone other than the defendants and the defense team, and (c) prohibited defendants from possessing in any jail facility, any of the materials disclosing or referring to the identity and expected testimony of any witness other than a government agent, except when reviewing such materials in the presence of defense counsel. In explaining its order, the court observed:

> Any lawyer with experience in the criminal justice system knows that copies of witness statements or other discovery material are often passed from hand to hand within the prisons. In particular, the wide dissemination of statements by cooperating witnesses who are regarded as "snitches" or "rats" by their criminal associates, and who often must serve their own sentences in close proximity to other prisoners, poses obvious dangers. It is not enough to say, as the defendants argue in this case, that the damage is done by the mere disclosure that a witness has cooperated with the authorities. Hard evidence of a witness' betrayal can facilitate retaliation or intimidation of the witness. It is therefore appropriate, in a case where such retaliation may be feared, to restrict the circulation of such material.

*United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (observing that defendants "have no right to extended independent review of materials in the privacy of their cells.").[1]

        8.      Accordingly, the government seeks a protective order here that would provide the following:

        (1)      The government has and will provide one copy of all discovery, including audio and video recordings, to counsel for each of the defendants in this matter.

        a.      Among the discovery already produced are the following:

---

[1]   *See also United States v. Scott*, No. 05-443, 2008 U.S. Dist. LEXIS 71095, 2008 WL 4372814 (M.D. Pa. 2008) (denying reconsideration of a protective order pursuant to which the government made Jencks material available to defense counsel subject to restrictions on copying); *see also United States v. Rivera*, 153 F. App'x 758 (2d Cir. 2005) (holding that a district court's protective order prohibiting defendant from retaining copies of his discovery material at his detention facility did not deprive defendant of effective assistance of counsel).

i.   Statements of non-agent government witnesses; and,

ii.  Reports containing summaries of interviews of non-agent government witnesses.

b.   The following additional discovery may be generated and/or produced in this matter:

i.   Reports containing summaries of interviews of non-agent government witnesses; and,

ii.  Documents identifying by name confidential sources and/or cooperating witnesses.

c.   The above-listed discovery materials are collectively referred to herein as "designated discovery materials" or "designated discovery" and comprises the subset of discovery produced and to be produced to which this order applies.

d.   Additionally, any and all items made available to the parties that contain the following categories of information are subject to this Protective Order and shall be included in the reference to designated discovery materials:

i.   social security numbers;

ii.  taxpayer-identification numbers;

iii. dates of birth;

iv.  names of minors;

v.   financial account numbers;

vi.  home addresses of individuals; and

vii. personal photographs and videos.

4

(2)     Defense counsel shall not reproduce any portion of the designated discovery materials, nor shall they permit other persons to copy, reproduce or disseminate the designated discovery materials. Likewise, defense counsel shall not permit any person other than the defense team, their staff, and/or the defendants to review the designated discovery. Defense counsel will not provide copies of any document or recording produced in discovery to any defendant in this case, except to the extent that such document or recording reflects exclusively the defendant's own prior statements, as provided in Paragraph (3).

(3)     Notwithstanding the other provisions herein, each defendant may retain copies of such documents or recordings that reflect only his own prior statements, provided that such documents or recordings do not identify or reveal information about any other person.

(4)     No defendant shall make or disseminate copies of any discovery in this matter for any purpose.

(5)     This Order does not prohibit counsel from showing these materials to the defendants and discussing these materials at meetings with the defendants, or from reading or discussing these materials in telephone conversations with the defendants.

(6)     This order does not preclude defense counsel from copying discovery materials to the hard drive of counsel's computer for purposes of functioning as defense counsel in this case.

(7)     Similarly, this order does not preclude defense counsel from providing discovery materials to a professional interpreter/translator or other retained expert; however, if counsel does so, counsel shall advise such persons that, by this Court's order, the

discovery is not to be copied (either to a hard drive or to another disk) or disseminated, nor is it to be viewed by others.

(8)     Any counsel, defendant, or other person to whom disclosure is made pursuant to this Order may not use the discovery materials for any purpose other than preparation for or use at trial, and may not disclose or display the discovery materials or information contained in the discovery materials to any third party, except as required to prepare for trial or for use at trial. Defense counsel may not leave copies of any discovery with the defendants or any person currently incarcerated.

(9)     By receipt of this protective order, the defendants and their counsel understand that if any person violates the terms of this protective order—whether negligently, recklessly, or willfully—he or she may be subject to sanctions as a penalty and/or to induce compliance with the Court's order, including but not limited to, a financial penalty, and, in cases of willful violation of this order, to a finding of criminal contempt.

WHEREFORE, for the reasons stated herein, the United States respectfully requests that its motion for protective order be granted.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


 _/s/ Jeanine Linehan_____
Jeanine Linehan
Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

    v.                                               :

                            **CRIMINAL NO. 19-CR-414**

IMAD DAWARA                            :
BAHAA DAWARA

### PROTECTIVE ORDER

AND NOW, this _____ day of November 2019, it is hereby ORDERED that

(1)     The government has and will provide one copy of all discovery, to counsel for each of the defendants in this matter.

        a.   Among the discovery already produced are the following:

                i.   Statements of non-agent government witnesses; and,

                ii.   Reports containing summaries of interviews of non-agent government witnesses.

        b.     The following additional discovery may be generated and/or produced in this matter:

                i.   Documents identifying by name confidential sources and/or cooperating witnesses; and,

                ii.   Reports containing summaries of interviews of non-agent government witnesses.

1

c.    The above-listed discovery materials are collectively referred to herein as "designated discovery materials" or "designated discovery" and comprises the subset of discovery produced and to be produced to which this order applies.

d.    Additionally, any and all items made available to the parties that contain the following categories of information are subject to this Protective Order and shall be included in the reference to designated discovery materials:

i.    social security numbers;

ii.   taxpayer-identification numbers;

iii.  dates of birth;

iv.   names of minors;

v.    financial account numbers;

vi.   home addresses of individuals; and

vii.  personal photographs and videos.

(2)    Defense counsel shall not reproduce any portion of the discovery, nor shall they permit other persons to copy, reproduce or disseminate the designated discovery materials. Likewise, defense counsel shall not permit any person other than the defense team, their staff, and/or the defendants to review the designated discovery. Defense counsel will not provide copies of any document or recording produced in discovery to any defendant in this case, except to the extent that such document or recording reflects exclusively the defendant's own prior statements, as provided in Paragraph (3).

(3)     Notwithstanding the other provisions herein, each defendant may retain copies of such documents or recordings that reflect only his own prior statements, provided that such documents or recordings do not identify or reveal information about any other person.

(4)     No defendant shall make or disseminate copies of any discovery in this matter for any purpose.

(5)     This Order does not prohibit counsel from showing these materials to the defendants and discussing these materials at meetings with the defendants, or from reading or discussing these materials in telephone conversations with the defendants.

(6)     This order does not preclude defense counsel from copying discovery materials to the hard drive of counsel's computer for purposes of functioning as defense counsel in this case.

(7)     Similarly, this order does not preclude defense counsel from providing discovery materials to a professional interpreter/translator or other retained expert; however, if counsel does so, counsel shall advise such persons that, by this Court's order, the discovery is not to be copied (either to a hard drive or to another disk) or disseminated, nor is it to be viewed by others.

(8)     Any counsel, defendant, or other person to whom disclosure is made pursuant to this Order may not use the discovery materials for any purpose other than preparation for or use at trial, and may not disclose or display the discovery materials or information contained in the discovery materials to any third party, except as required to prepare for trial or for use at trial.  Defense counsel may not leave copies of any discovery with the defendants or any person currently incarcerated.

3

(9)     By receipt of this protective order, the defendants and their counsel understand that if any person violates the terms of this protective order—whether negligently, recklessly, or willfully—he or she may be subject to sanctions as a penalty and/or to induce compliance with the Court's order, including but not limited to, a financial penalty, and, in cases of willful violation of this order, to a finding of criminal contempt.


**BY THE COURT:**



_____
**HONORABLE JUAN R. SANCHEZ**
**Chief, United States District Court**

4

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for a Protective Order and

Proposed Order was served by electronic case filing and/or email on the following defense

counsel:

Todd Edward Henry, Esquire
Gerald Stein, Esquire


  /s/ Jeanine Linehan
Jeanine Linehan
Assistant United States Attorney


Date: November 22, 2019

5