IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 19-414 |
| v. | : | |
| BAHAA DAWARA | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE PRETRIAL DETENTION ORDER

The United States charged defendant Bahaa Dawara and his brother Imad Dawara by Indictment with participating in a conspiracy to commit arson to their business, the Revolution Diner, located at 239-41 Chestnut Street in Philadelphia, during the early morning hours of February 18, 2018, as well as mail and wire fraud. At approximately 3:11 a.m., Bahaa Dawara used gasoline to set fire to a basement of the building, all the while knowing that people were sleeping above him in their homes, while Imad Dawara stayed behind in a nightclub deliberating constructing his alibi. The fire raged for hours, warranting a four-alarm response from the Philadelphia Fire Department during which two firefighters were injured. Imad and Bahaa's callous, dangerous plan to start the fire for their personal gain resulted in the complete destruction of a five level multi-purpose building that included private residences and another business. The victims of the fire now live in fear of the brothers the government has charged with setting it.

On October 22, 2019, the Honorable Timothy R. Rice ordered that the defendant remain detained until trial in this case pursuant to Title 18, United States Code, Section 3142.

The defendant is moving to vacate Judge Rice's Order based on his view that exculpatory evidence exists warranting his release. The Court should deny the Defendant's Motion as he

has failed to offer any changed circumstances or new evidence. Moreover, as arson is a crime of violence, there is a statutory presumption of detention and the defendant has again failed to overcome this presumption. 18 U.S.C. § 3156(a)(4)(A),(B).

## I.     THE FACTS

In support of this motion, the government submits the following representations and proposed findings of facts:

### A.     Probable Cause and The Evidence in This Case

1.     There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 844(n) (conspiracy to commit arson), 844(m) conspiracy to use fire to commit a federal felony, 844(i) malicious damage by means of fire of a building used in interstate commerce, 844(h) using fire to commit a federal felony, 1343 (wire fraud), 1341 (mail fraud), and 2 (aiding and abetting).

2.     The total maximum penalties for the charges are 180 years' imprisonment, with a seventeen-year mandatory minimum, a three-year period of supervised release, a $2,500,000 fine, and a $1000 special assessment.

3.     The evidence in this case is strong. From around December 2012 until February 18, 2018, the defendants owned and operated various restaurants and entertainment establishments, including a hookah lounge, at 239-241 Chestnut Street, with Revolution Diner being in the space at the time of the arson. In October 2015, their landlord sent the Dawara brothers a Notice of Default and Breach of Lease, citing numerous violations which included 26 citations from the Pennsylvania State Police Bureau of Liquor Control Enforcement. In response, Imad Dawara threatened the landlord that he would destroy the place if the landlord attempted to evict them.

4.      In November 2015, the Court of Common Pleas of Philadelphia County prohibited the defendants from engaging the services of a disc jockey, providing live entertainment, and allowing the use of tobacco products (including hookah) on the premises unless they had the proper permits.  In November 2015, their landlord sent the defendants a Notice of Intent to terminate their lease.  By October 2017, the Dawara brothers had ceased all business operations for RCL Management at 239-241 Chestnut Street.  The brothers attempted to sell their business, but as they had failed to renew their lease or pay rent, no one would buy it.  On January 31, 2018, their landlord directed the defendants to vacate the premises by February 2, 2018 and advised the defendants that they owed over $64,000 in overdue payments.

5.      On the day that the defendants were ordered to vacate the premises, despite no longer doing *any* business at that location, Imad Dawara contacted an insurance broker to inquire about purchasing insurance for 239-241 Chestnut Street.  Although the Dawara brothers had not held an insurance policy on their business at the Chestnut Street location for over a year, on the day they were asked to leave, approximately 16 days before the fire, Imad Dawara purchased insurance.  In obtaining this new insurance policy, Imad Dawara asked the insurance broker repeatedly how he would be paid "if there was a fire."  The insurance Imad Dawara ultimately purchased on February 2, 2018 provided coverage in the event of an accidental fire at 239-41 Chestnut Street for $750,000, which consisted of $500,000 for property and $250,000 for business interruption.  Four days prior to the fire, Imad Dawara allegedly requested the broker send him proof of the insurance policy, which Dawara then called in on the day of the fire.  As the fire was still burning, the defendant made a damning admission about the origin of the fire to the insurance broker – a fact that no one but the arsonist (or his co-conspirator) would know.

6.      In the early morning hours of February 18, 2018, the first responding firefighters

noted that the front door of the ground level of 239 Chestnut, the only access door to that property was left open.

7.      Although the defendant contends in his Motion that other people had keys to the door, the evidence obtained in the grand jury investigation that resulted in the Indictment is that Bahaa Dawara and Imad Dawara were the only two people with keys to that door on the date of the fire.

8.      The Bureau of Alcohol, Tobacco, Firearms, and Explosives' (ATF) Certified Fire Investigator classified the fire as incendiary.   This conclusion was based on information including, but not limited to, witness interviews, surveillance video, fire dynamics analysis, laboratory testing, and arc mapping.   The investigation determined that the fire originated in the basement of 239 Chestnut Street and was the result of an open flame intentionally applied to gasoline, specifically the vapors, poured on available combustibles located in the offices in the basement.

9.      During ATF's investigation, agents interviewed, among many other witnesses, two eyewitnesses referenced in the defendant's Motion to Vacate.   The government presented the information included in Exhibit B of the defendant's Motion to the federal grand jury who indicted Bahaa Dawara.   Despite the witness' description of the "black male . . .," the grand jury indicted Bahaa Dawara as the person who conspired with his brother Imad Dawara to commit arson and the related offenses.

### B.      Rebuttable Presumption

As there is probable cause to believe that the defendant has committed a crime of violence, under the definition in 18 U.S.C. § 3156, the Court must presume – subject to rebuttal

by the defendant – that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community, or reasonably assure the appearance of the defendant as required.   The defendant does not attempt to rebut this presumption in his Motion.

Section 3156(a)(4) has an elements clause and a residual clause.   Although arson does not categorically qualify under the elements clause, it does qualify as "any offense that is a felony, and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."   The U.S. Court of Appeals for the Second Circuit recently held that the residual clause of the definition of "crime of violence" in the Bail Reform Act was not amenable to due process challenge as being unconstitutionally vague.   *United States v. Watkins*, -- F.3d --, 2019 WL 4865828 (2d Cir. Oct. 3, 2019).

In the present case, the defendant intentionally planned and carried out a devastating arson in the basement of a row of buildings, risking the lives of hundreds of people and destroying both his own and others' property.   There is no doubt that this crime involved a substantial risk of physical force against many persons and property of others.

## II.   DANGER TO THE COMMUNITY

The nature and strength of the case against the defendant, as well as the evidence of his threatening behavior leading up to the fire, establish that he is a danger to the community, including but not limited to the victims and other potential witnesses who will testify against him.   When using an accelerant to set a fire in the basement of 239 Chestnut at approximately 3:00 a.m., the defendant completely disregarded all of the lives he jeopardized.   The defendant knew people lived in the buildings when he set the fire in the middle of the night, when many residents – some with families who had young children – were sound asleep inside.

Two firefighters were injured while fighting this fire.

The victims of the arson live in fear that the defendants will seek them out to harm them to prevent them from testifying.

Defendant Bahaa Dawara's history includes the following arrests with no convictions:

- In January 2014, he was arrested for aggravated assault, simple assault and possession of an instrument of crime.   In October 2014, the charges were nolle prossed;

- In April 2015, he was charged with simple assault and possession of an instrument of crime.   In February 2017, he was found not guilty; and,

- In January 2018, he was arrested for aggravated assault –listed as a "domestic." In August 2018, the case was dismissed.

Because none of these arrests resulted in convictions, this is the first time that the defendant faces a substantial amount of his future behind bars.   The harsh potential sentence in this case – including the potential 17-year mandatory minimum in prison – provides the defendant with a powerful incentive to retaliate against these witnesses.   He is a true danger. There are no conditions that the Court can impose in this case to ensure the safety of the community.

## III.   SERIOUS FLIGHT RISK

Multiple factors, including the strong likelihood that the defendant will be convicted and sent to prison for at least 17 years, make him a serious risk of flight.

### A.   Foreign Ties and Travel

Bahaa Dawara has significant ties to his native land of Syria and neighboring countries.   Upon arrest his in this case, Bahaa Dawara, who holds a Syrian passport, claimed to have maintained his citizenship in Syria, although the United States government does not

recognize this alleged dual citizenship.

Bahaa Dawara has traveled out of the United States eight times in the last five years, with the majority of the those trips to the Middle East.   As recently as this summer, Bahaa Dawara left the United States to marry a citizen of Syria.   If the defendant flees to Syria, the United States would have no recourse or way of assuring his return to the United States to face these charges.

### B. Money and Fraud

The defendant has the means to flee.   The defendant and his brother Imad Dawara have demonstrated their propensity to deceive and commit fraud to advance their own agenda in a variety of ways set forth in the Government's Detention Motion filed on October 21, 2019.   The defendant has the means to flee the United States and a place to go where he has a passport, family, and a possibly a house.   He is a serious risk of flight, and if he were successful in fleeing, the government would not be able to secure his return to face these charges.

### IV. CONCLUSION

The defendant's belief that two of witnesses' statements exculpate him and thus warrant his release does not overcome the presumption that he should be detained pending trial in this case.   The defendant is both a danger to his community and a person that cannot be reasonably relied on to appear at future hearings, as the defendant is facing a significant sentence of imprisonment for the crimes charged and has notable ties and foreign travel to his native country of Syria.

When all these factors are viewed in light of the substantial sentence the defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and the safety of the community.

For these reasons, the government respectfully submits that Judge Rice was correct in the determination that Bahaa Dawara is both a danger to the community and a risk of flight; therefore the Order of Detention should remain.

        Respectfully submitted,

        WILLIAM M. MCSWAIN
        United States Attorney


        /s/ Jeanine Linehan
        Jeanine Linehan
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | **CRIMINAL NO. 19-414** |
| v. | : | |
| **BAHAA DAWARA** | : | |

## **ORDER**

AND NOW, this _____ day of December 2019, the Court finds that:

(a)  the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b)  the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

Accordingly, the defendant's Motion to Vacate Pretrial Detention Order is hereby DENIED.

BY THE COURT:

_____
HONORABLE JUAN R. SANCHEZ
Chief, United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Response to Defendant's Motion to Vacate Pretrial Detention Order, and Proposed Order was served via ECF, on the following defense counsel:

Gerald A. Stein, Esquire
Counsel to Bahaa Dawara

<u>/s/ Jeanine Linehan</u>
Jeanine Linehan
Assistant United States Attorney

Date:   December 19, 2019