IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 19-414-2 |
| | : | |
| BAHAA DAWARA | : | |

## ORDER

AND NOW, this 13th day of January, 2020, upon consideration of Defendant Bahaa Dawara's Motion to Vacate Pretrial Detention Order and to Set Conditions of Release and the Government's opposition, and following a January 8, 2020, hearing on the Motion, it is ORDERED the Motion (Document 23) is DENIED.[1]

---

[1] Defendant Bahaa Dawara is charged with ten counts arising out of his alleged participation in setting a building on fire as part of an insurance fraud scheme with his brother. After Dawara's arrest on October 17, 2019, the Government moved for pretrial detention. United States Magistrate Judge Timothy R. Rice held a hearing on the motion and found the Government proved by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community and by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Dawara's appearance for trial. Judge Rice granted the Government's motion and ordered Dawara detained pending trial.
    On December 10, 2019, Dawara filed the instant motion to vacate Judge Rice's detention order and grant him pretrial release. A district court may review a magistrate judge's pretrial detention decision pursuant to 18 U.S.C. § 3145(b). The court's review is de novo. *See United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir. 1985).
    Under the Bail Reform Act, a court may order a defendant detained pending trial only if, after a hearing, the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other persons and the community." 18 U.S.C. § 3142(e)(1). The Government bears the burden of proof and must show (1) the defendant's dangerousness by clear and convincing evidence or (2) the defendant's flight risk by a preponderance of the evidence. *See United States v. Himler*, 797 F.2d 156, 160–61 (3d Cir. 1986).
    At the outset, the Government maintains that because "arson is a crime of violence, there is a statutory presumption of detention." Gov't Resp. 2, ECF No. 25. The Court disagrees. There are two presumptions in the Bail Reform Act, and neither applies in this case.
    First, there is a presumption, "that no condition or combination of conditions will reasonably assure the safety of any other person and the community" where (1) the accused has previously been convicted of one of a number of specified offenses, (2) the previous offense was committed while the accused was on release pending trial, and (3) "not more than five years has

elapsed since the date of conviction, or the release of the person from imprisonment," for the previous offense. 18 U.S.C. § 3142(e)(2)(A)–(C). Second, there is a presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if there is probable cause to believe that the accused has committed a major drug trafficking offense, a felony with a firearm, or another enumerated offense involving terrorism, peonage or slavery, or sexual exploitation of children. *Id.* § 3142(e)(3)(A)–(E).

In arguing a presumption applies, the Government cites only 18 U.S.C. § 3156(a)(4)(A), (B), but that provision merely defines what constitutes a "crime of violence." Whether the instant crime qualifies as a crime of violence is immaterial because the presumption requires a prior conviction, committed while on release pending trial, and within the last five years. The Government has produced no evidence of a requisite prior conviction here. Because the evidence in the record does not establish that Dawara meets the requirements for the first presumption, and because Dawara is not charged with any offense in the second presumption, neither presumption applies in this case.

The Court therefore determines this motion in light of the Government's burden of proof and recognizing Dawara has no presumption to rebut. Nevertheless, the Court finds the Government has met its burden as to both Dawara's dangerousness and flight risk. In determining whether the Government has satisfied its burden, the Court must "take into account the available information concerning" the nature and circumstances of the offenses charged, the weight of the evidence against Dawara, Dawara's history and characteristics, including whether he was on probation or pretrial release at the time of the offenses, and the nature of any danger he might pose. 18 U.S.C. § 3142(f), (g).

Based on the Indictment, there is probable cause to believe Dawara has committed conspiracy to commit arson, conspiracy to use fire to commit a federal felony, malicious damage by means of fire of a building used in interstate commerce, using fire to commit a federal felony, wire fraud and mail fraud, and/or aided and abetted the commission of these offenses. The charges are serious and arise from Dawara's alleged conduct in setting fire to the basement of a row building in the early morning hours of February 18, 2018, in Philadelphia. By setting the fire, Dawara put several lives in danger as the building housed private residences as well as businesses and commercial space. The nature and circumstances of the offenses, which created a danger to the victims in the surrounding community, show Dawara's dangerousness.

As for the weight of the evidence against Dawara, the Government proffered substantial circumstantial evidence showing Dawara and his brother planned to set fire to the building that housed their failing business to collect on an insurance policy. The evidence includes the timing of their insurance purchase, the fact that their business was no longer in operation when the fire was set, no other person had keys or access to the building, and the timing of their call to the insurance company after the fire. Further, the Government contends Dawara's proffered alibi, that he was at a nightclub at the time of the fire, is false. Although Dawara provided law enforcement with a video recording purportedly showing himself and his brother at the nightclub at the time of the fire, according to the Government, the video does not show Dawara.

Dawara asserts the Government's evidence is weak because two eyewitnesses said they saw the person who set the fire running away from the building and identified the person as black or having dark skin. Dawara asserts that because he is neither black nor dark-skinned, the eyewitnesses show the weakness in the Government's case. Although these eyewitnesses provided

2

BY THE COURT:

Juan R. Sanchez, C.J.

a description that does not match Dawara, the Government contends the description is inaccurate as it has video surveillance footage showing the person running from the fire, or on the surrounding streets, and the person in the videos matches Dawara's description. In sum, the Court finds the weight of the evidence weighs in favor of pretrial detention.

Next, Dawara's history and characteristics also weigh in favor of pretrial detention. For instance, the Government proffered information from Dawara's former neighbors and victims of the fire, who state they live in fear of Dawara and his brother. Before the fire, Dawara had many disagreements with these neighbors and would even threaten them. Also, Dawara has a history of traveling internationally. During the last five years, Dawara has traveled to the Middle East eight times.

At the hearing, Dawara proffered evidence of his United States citizenship, an award he received from a local police department, and his marriage certificate to show both his lack of dangerousness and low flight risk. The Court is unpersuaded by this evidence. First, although Dawara is a citizen of the United States, he is alleged to have dual citizenship with Syria, has a Syrian passport, and recently married a citizen of Syria. In light of the serious charges Dawara faces, the certificate of his marriage to another Syrian citizen serves only to increase his flight risk by showing his significant connections outside of the United States. And the award Dawara received from the local police department, which does not state Dawara's name, does little to offset the Government's contention that Dawara was often hostile and threatening to his neighbors. As a result, the Court finds Dawara's history and characteristics weigh in favor of pretrial detention.

Finally, as for the danger Dawara might pose upon his release, the Court finds Dawara's dangerousness is substantial, as is his flight risk. As mentioned, Dawara's alleged conduct was not only part of an insurance fraud scheme, but also put many lives in danger. As a result of the fire, two firefighters were injured and several private pets were killed. Although no people died in the fire, it created a significant risk of loss of life and Dawara knew as much based on his familiarity with the building since 2012. As many of the victims from the fire will serve as witnesses in this case, Dawara has significant motive to retaliate against these victims upon his release—or to flee to avoid prosecution. Although several of Dawara's family members appeared at the hearing to support him and offer their property as collateral for his future appearances, the Court finds that these strong familial ties, and the wealth of financial resources they can provide, increase Dawara's ability to flee in light of his incentive to do so and his spouse residing in Syria.

In conclusion, the Government has met its burden to show by a preponderance of the evidence that Dawara is a flight risk. The Government has also met its burden to show by clear and convincing evidence Dawara poses a danger to the community. The Court therefore finds there is no condition or combination of conditions of release that could reasonably assure the safety of the community or Dawara's appearance for trial were Dawara to be released. Accordingly, Dawara's motion is denied.