IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 19-414-2 |
| BAHAA DAWARA | : | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR DISCOVERY**

The United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Jeanine Linehan, Assistant United States Attorney, hereby responds to defendant Bahaa Dawara's Motion for Discovery of witnesses' personal information. For the reasons set forth below, the defendant is not entitled to this information, and its disclosure would potentially place the witnesses at risk of serious bodily harm.

**I.      Background.**

On July 18, 2019, a federal grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging defendant Bahaa Dawara and his brother, Imad Dawara, with violating Title 18, United States Code, Sections 844(n) (conspiracy to commit arson), 844(m) (conspiracy to use fire to commit a federal felony), 844(i) (malicious damage by means of fire of a building used in interstate commerce), 844(h) (using fire to commit a federal felony), 1343 (wire fraud), 1341 (mail fraud), and 2 (aiding and abetting). These charges stem from the Dawara brothers' agreement to commit arson to destroy their business, the Revolution Diner, located at 239-41 Chestnut Street in Philadelphia.

During the early morning hours of February 18, 2018, defendant Bahaa Dawara used gasoline to set fire to a basement of the Revolution Diner, knowing that people were sleeping above him in their homes, while Imad Dawara stayed behind in a nightclub deliberately constructing his alibi. The Dawara brothers' callous, dangerous plan to commit this violent crime was based in part on greed as they desired to collect an insurance policy that they purchased for the property just 16 days before the fire, and on retribution against the landlord and other tenants of the building who had sought to get them evicted. The fire resulted in the injury of two firefighters, the complete destruction of a five-level multi-purpose building that included private residences, the death of a resident's pets, and the significant risk of loss of life.

On January 2, 2020, the Court entered a Protective Order related to designated discovery materials that prohibited defense counsel from reproducing any portion of the information and/or providing copies to the defendants in this case. The Court entered the Protective Order based on the Government's Motion which was filed to ensure the safety of the witnesses in this case.

On February 27, 2020, a federal grand jury sitting in the Eastern District of Pennsylvania returned a separate indictment charging defendant Bahaa Dawara and his brother, Imad Dawara, with violating Title 18, United States Code, Section 371 for their conspiracy to defraud the United States by evading assessment of their tax liabilities as to years 2015, 2016, 2017. The government intends to file a Motion for a Protective Order related to the discovery in that case as well.

On March 6, 2020, defendant Bahaa Dawara filed a four-paragraph Motion for Discovery in which he requests "un-redacted witness statements of civilian witnesses" to have access to addresses, birth dates, and "other identifying information" to locate the witnesses to prepare for trial.

**II.     Discussion.**

In his motion, the defendant fails to cite any legal authority to support his request for the information he seeks, identifying information of civilian witnesses – information which is the core of the Protective Order. As stated in the government's detention pleadings and in argument before this Court, the victims and the witnesses who the government will call to testify at the trial in this case, live in fear that the defendants and/or their associates will seek them out to intimidate, harm, and/or retaliate against them. Many of the witnesses only agreed to cooperate and provide information when the government assured them that their personal information would be redacted from the information disclosed.

It is "firmly established" that "a defendant is entitled neither to a wholesale discovery of the Government's evidence . . . nor to a list of the Government's prospective witnesses . . ." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971). "[T]he [criminal] discovery rules do not permit the defense to get the names of witnesses." *United States v. Mitchell*, 540 F.2d 1163, 1166 (3d Cir. 1976). *See also Weatherford v. Bursey,* 429 U.S. 545, 559 (1977); *United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991); *Government of the Virgin Islands v. Ventura*, 476 F.2d 780, 781 n.1 (3d Cir. 1973).   Rather, a crime victim has "[t]he right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1); *see also* 18 U.S.C. § 3771(a)(8) (a crime victim has "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy.").

In 1975, Congress expressly rejected a proposal to require in Rule 16 the disclosure of witness identities in advance of trial. The conference report accompanying the 1975 amendments to the Rules of Criminal Procedure explained: "A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or

3

the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contacts directed at influencing their testimony, were deemed paramount concerns in the formation of this policy." H.R. Conf. Rep. No. 414, 94th Cong., 1st Sess. 1975.

The Jencks Act does not hold differently. It only requires that the government produce to the defense, *after* a witness has testified at trial on direct examination, any statement previously made by the witness regarding the pertinent subject matter. 18 U.S.C. § 3500. Thus, the Third Circuit has recognized, "The blunt command of the statute together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at the trial." *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978). The Supreme Court explained, the purpose of the Jencks Act was to *limit* defense access to government materials. "The Act's major concern is with limiting and regulating defense access to government papers, and it is designed to deny such access to those statements which do not satisfy the requirements of (e), or do not relate to the subject matter of the witness' testimony." *Palermo v. United States*, 360 U.S. 343, 354 (1959).

In this district, in an abundance of fairness, the United States Attorney has long elected to disclose Jencks Act material in advance of trial, particularly in a complex case. *See Murphy,* 569 F.2d at 773 n.5 (encouraging this as a "salutary practice"). That practice, however, is an act of grace, not a statutory requirement. The government will not volunteer the early production of witness information in any case where there exists the possibility of witness interference or other harm.

That is the particular concern here, where many of the victims would have died if they

had not evacuated safely from the raging fire defendant Bahaa Dawara and his co-defendant Imad Dawara planned and agreed to set in a building, knowing the people that lived there. Thus, non-disclosure is equally supported by the Crime Victims' Rights Act, which provides that victims have the right to be reasonably protected from the defendant. 18 U.S.C. §3771. The non-victim fact witnesses fear additional harm by individuals capable of this level of violence.

The redaction and non-disclosure of non-discoverable matters is a time-honored tool for the protection of sensitive information.

For all of the foregoing reasons, the government respectfully requests that defendant's motion be denied.

> Respectfully submitted,
>
> WILLIAM M. McSWAIN
> United States Attorney
>
>  s/ *Jeanine Linehan*
> JEANINE LINEHAN
> Assistant United States Attorney

Dated: March 13, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Response to Defendant's Motion for Discovery has been served by electronic filing, and by e-mail, on the following:

>Gerald A. Stein
>1500 Market Street, Suite 2727
>Philadelphia, PA   19102-2146
>geraldstein@geraldstein.com
>*Counsel for Defendant Bahaa Dawara*

>s/ *Jeanine Linehan*
>JEANINE LINEHAN
>Assistant United States Attorney

Dated: March 13, 2020

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | **CRIM. NO. 19-414-2** |
| **BAHAA DAWARA** : | |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of Defendant Bahaa Dawara's Motion for Discovery, and the Government's response thereto, it is hereby **ORDERED** that defendant's Motion is **DENIED.**

BY THE COURT:

_____
HONORABLE JUAN R. SANCHEZ
*Chief Judge, United States District Court*