

**U.S. Department of Justice**

United States Attorney

*Eastern District of Pennsylvania*

615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476
(215) 861-8200

October 23, 2020

Stephen P. Patrizio, Esquire
Dranoff & Patrizio, P.C.
2 Penn Center
Suite 1205
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

Gerald A. Stein, Esquire
1500 Market Street
Centre Square West
Suite 2727
Philadelphia, PA 19102-2146

Re: United States v. Imad and Bahaa Dawara, Criminal Nos. 19-CR-414, 20-CR-104

Dear Counsel:

The purpose of this letter is to set forth the parties' agreement concerning the payment of restitution in these cases. This agreement does not in any way supplement, modify, amend, or supersede the signed guilty plea agreements. The parties enter into this agreement only to facilitate the imposition and payment of restitution that the Court may impose at the time of sentencing. As set forth in the plea agreement, the parties also understand and agree that this agreement is not binding upon the Court regarding any payment schedule or any other terms or conditions the Court may impose for restitution.

Toward this end, the government and the defendants, Imad Dawara and Bahaa Dawara, by their attorneys, agree to the following terms and conditions regarding restitution:

(1) Defendants Imad Dawara and Bahaa Dawara are jointly responsible for harms sustained by the victims in Case No. 19-CR-414 in the amount of not less than $22,000,000.00. This amount is subject to modification by the government as it continues to receive loss information from victims who it believes may be entitled to receive restitution.

(2) Defendant Imad Dawara also is responsible for harms sustained by the victim in Case No. 20-CR-104 in the amount of $199,808. He also agrees that his restitution obligation shall include losses in the amount of $15,137.52, based on his material misrepresentations and false statements, in which he unlawfully received Medicaid benefits between November 1, 2016 through in or about September 18, 2019.

Case 2:19-cr-00414-JS   Document 69   Filed 02/25/21   Page 2 of 5

- 2 -

(3) Defendant Bahaa Dawara also is responsible for harms sustained by the victim in Case No. 20-CR-104 in the amount of $209,727.00.

(4) The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.*, applies to restitution in these cases.

(5) The defendants agree not to contest the entry of a restitution order in the following amounts:

   (i) For Case No. 19-CR-414, the Court shall order restitution jointly against the defendants in the amount of not less than $22,000,000.00.

   (ii) For Case No. 20-CR-104, the Court shall order Defendant Imad Dawara to pay restitution in the amount of $199,808 and Defendant Bahaa Dawara to pay restitution in the amount of $209,727.00, respectively.

   (iii) Defendant Imad Dawara further agrees to the imposition of restitution in the amount of $15,137.52, based on his material misrepresentations and false statements, in which he unlawfully received Medicaid benefits between November 1, 2016 through in or about September 18, 2019.

(6) The defendants shall owe restitution to the victims in the amounts set forth in the victim list that the government shall provide to the Court at the time of sentencing.

(7) In accordance with 18 U.S.C. § 3664(i), the victims identified for Case No. 19-CR-414 shall receive restitution before restitution is paid to any other victims of the defendants' offenses referenced above.

(8) The defendants understand that, notwithstanding any period of imprisonment, probation, or other custodial sentence that the Court may impose, the Court also may order that the restitution obligation is due and/or payable immediately. The defendants also understand that the Court may impose a schedule for the payment of restitution as authorized by 18 U.S.C. § 3664(f).

(9) The defendants agree to pay restitution as follows:

   (a) By no later than 90 days after the date the Court sentences the first defendant, the defendants shall have jointly paid a total of $1 million that shall be deposited with the Clerk of Court and applied as partial payment for restitution. The defendants shall pay this amount as follows:

      (i) The defendants shall remit an initial, lump sum payment of at least $500,000 at or before the time of their guilty plea.

      (ii) The defendants shall remit the remaining balance by no later than 90 days after sentencing of whichever defendant is first sentenced.

- 3 -

(b) The defendants shall forward their payments, by check, money order, certified funds, or bank check payable to the "Clerk, U.S. District Court," to the Clerk, United States District Court, 2609 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106-1797 (Attn: Financial Manager). The defendants also may arrange with the Clerk to submit the payment by electronic funds transfer.

(c) The defendants also agree not to oppose, any motion that the government may file to authorize the Clerk to accept and hold funds for restitution pending sentencing.

(d) To facilitate the payment of restitution, the defendants agree to liquidate the following real properties:

   (i) 134 Garfield Avenue, Woodlyn, Pennsylvania;

   (ii) 1524 McKean Street, Philadelphia, Pennsylvania;

   (iii) 321 Massasiot Street, Essington, Pennsylvania;

   (iv) 224 Erickson Avenue, Essington, Pennsylvania;

   (v) 1007 Milmont Avenue, Swarthmore, Pennsylvania;

   (vi) 142 Garfield Avenue, Woodlyn, Pennsylvania; and

   (vii) 312 Fern Street, Darby, Pennsylvania.

(e) The defendants shall notify government counsel in writing prior to executing an agreement to sell the properties listed above. The defendants shall sell these properties in a commercially reasonable manner, to a disinterested buyer, and at fair market value. The defendants also shall disclose to the government the terms of the proposed sale and provide copies of all documents relating to the sale.

(f) The government reserves its right to object to the proposed sale of the properties listed above, or approve the sale with conditions. If the government objects, or agrees to the sale with conditions, the defendants shall not enter into an agreement of sale unless the government's conditions are met. The defendants also agree to remit the net proceeds of the sale, after payment of reasonable, ordinary costs of sale and commission, as partial payment for restitution.

(g) Provided that the defendants remit all payments due under this agreement within the time prescribed above, the government's right to collect restitution shall not extend to the following properties:

   (i) 19 Ridgeway Ave, Norwood, Pennsylvania;

  (ii)  305 Seminole Street, Essington, Pennsylvania; and

  (iii)  407 Seminole Street, Essington, Pennsylvania

In the event either defendant defaults with the payments set forth above, the defendants understand and agree that the government reserves its right to initiate action against these properties to collect restitution as provided under applicable federal or state law.

(10) The defendants also understand and agree that the government reserves its right to collect unpaid restitution against other property and interests in property of the defendants: (i) that were not disclosed in the Financial Statement or Presentence Investigation Report in these cases; (ii) that the defendants acquired after the entry of a criminal judgment imposing restitution, or (iii) that constitutes a material change in their economic resources affecting their ability to pay restitution as ordered, as provided under applicable law.

The terms set forth above represent the entire agreement concerning the payment of restitution by the defendant, and it can be modified only by the written agreement of the parties or Court Order.

This agreement also may be executed by the parties in counterparts.

Please review the above terms carefully with your client. If they agree to these terms, please sign this letter where indicated below and return the original, signed copy to me as soon as possible.

Thank you for your cooperation. Please call us if you have any questions.

            Very truly yours,

            WILLIAM M. McSWAIN
            United States Attorney

            JEANINE LINEHAN
            KATHERINE E. DRISCOLL
            Assistant United States Attorneys

            JOSEPH F. MINNI
            Assistant United States Attorney
            Deputy Chief, Asset Recovery and Financial
            Litigation Section

WE AGREE TO THE TERMS SET FORTH ABOVE:

_[signature]_      10/27/20
IMAD DAWARA      Date
Defendant

_[signature]_      10/27/20
STEPHEN P. PATRIZIO, ESQUIRE      Date
Counsel for Defendant

_[signature]_      10/27/20
BAHAA DAWARA      Date
Defendant

_[signature]_      10/27/20
GERALD A. STEIN, ESQUIRE      Date
Counsel for Defendant