# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NOS. 19-414 & 20-104 |
| BAHAA DAWARA | : | |

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

The United States of America, by its attorneys Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Jeanine Linehan and Katherine E. Driscoll, Assistant United States Attorneys, respectfully represent as follows:

### I. INTRODUCTION

Defendant Bahaa Dawara ("Bahaa") is scheduled for a Change of Plea Hearing on February 25, 2021 before the Honorable Juan R. Sanchez. On July 18, 2019, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment in Criminal Number 19-414, charging Bahaa with conspiracy to commit arson, in violation of 18 U.S.C. § 844(n) (Count One); conspiracy to use fire to commit a federal felony, in violation of 18 U.S.C. § 844(m) (Count Two); malicious damage by means of fire of a building used in interstate commerce, in violation of 18 U.S.C. § 844(i) (Count Three); wire fraud, in violation of 18 U.S.C. § 1343 (Counts Four through Seven); mail fraud, in violation of 18 U.S.C. § 1341 (Counts Eight and Nine); use of fire to commit a federal felony, in violation of 18 U.S.C. § 844(h) (Count Ten); and, aiding and abetting, in violation of 18 U.S.C. § 2, all arising from Bahaa's agreement with defendant Imad Dawara to use fire to destroy 239-241 Chestnut Street, Philadelphia, Pennsylvania, on February 18, 2018. On February 27, 2020, a grand jury sitting in the Eastern

1

District of Pennsylvania returned an indictment in Number 20-104, charging Bahaa with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, arising from his agreement with defendant Imad Dawara to knowingly defraud the United States by failing to accurately report and pay to the Internal Revenue Service what they in fact owed in federal income taxes for years 2015, 2016, and 2017. The defendant has agreed to plead guilty to Count One in Criminal Number 19-414 and Count One in Criminal Number 20-104. The government has agreed to dismiss Counts Two through Ten in Criminal Number Criminal Number 19-414 at the time of sentencing.

   II.   **ELEMENTS OF THE OFFENSES**

   A.   **Count One, Criminal No. 19-414: Conspiracy to Commit Malicious Damage by Means of Fire of a Building Used in Interstate Commerce (18 U.S.C. § 844(n))**

Section 844(n) provides, "A person who conspires to commit any offense [in the arson statute] shall be subject to the same penalties . . . as the penalties prescribed for the offense the commission of which was the object of the conspiracy."

To establish that the defendants violated section 844(n), as it relates to Malicious Damage by Means of Fire of a Building Affecting Interstate Commerce (18 U.S.C. § 844(i)), the government must first prove beyond a reasonable doubt all the following elements of 18 U.S.C. § 844(i), which are as follows:

1. The defendant set fire to damage or destroy, or in an attempt to damage or destroy, property;

2. The property was used in or affecting interstate or foreign commerce; and

3. The defendant acted maliciously.[1]

---

[1] *2 Modern Federal Jury Instructions – Criminal P. 30.01.*

To establish a violation of section 844(n), the government then must prove beyond a reasonable doubt the following:

1. There was an agreement

2. The defendant knew of it; and,

3. The defendant knowingly and voluntarily joined.[2]

**B.     Count One, Criminal No. 20-104: Conspiracy to Defraud the United States (18 U.S.C. § 371)**

Section 371 provides, "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

To establish a violation of 18 U.S.C. § 371, the government must prove the following elements:

1. That two or more persons agreed "to defraud the United States," as charged in the indictment. "Defraud the United States," means to cheat the United States government or any of its agencies out of money or property. It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means;

2. Bahaa Dawara was a party to or member of that agreement;

3. That Bahaa Dawara joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together with at least one other conspirator to achieve that objective; that is, that Bahaa Dawara and at least one

---

[2] Section 844(n) does not require proof of an overt act. *See United States v. Walker*, 2016 WL 1175134, at *4 (M.D. Ga. Mar. 24, 2016) (laying out elements and citing *United States v. Dougherty*, 98 F. Supp. 3d 721 (E.D. Pa. 2015) for proposition that proof of an overt act is not required); *see also Dougherty*, 98 F. Supp. 3d at 743 (same).

3

other alleged conspirator shared a unity of purpose and the intent to achieve a common goal(s) or objective(s), to defraud the United States; and,

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act to further the objective of the agreement.[3]

### III. STATUTORY MAXIMUM AND MANDATORY MINIMUM PENALTIES

The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum and mandatory minimum sentences:

- Criminal Number 19-414, Count One (conspiracy to commit arson): 20 years' imprisonment, a 7-year mandatory minimum term of imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment; and,

- Criminal Number 20-104, Count One (conspiracy to defraud the United States): 5 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

The total maximum and mandatory minimum sentence in Criminal Nos. 19-414 and 20-104 is: 25 years' imprisonment, 7 years' mandatory minimum imprisonment, 6 years of supervised release, $500,000 fine, and a $200 special assessment. Combined, full restitution of $22,209,727 also shall be ordered.

### IV. GUILTY PLEA AGREEMENT

As set forth in the guilty plea agreement, the parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the following specific sentence is the appropriate disposition of this case:

---

[3] *Third Circuit Model Jury Instructions § 6.18.371B.*

- Criminal Number 19-414: Count One (conspiracy to commit arson):  7 years' imprisonment, 3 years of supervised release, a fine, if any, to be determined by the Court, and a $100 special assessment.  Full restitution of $22,000,000 for losses resulting from conspiracy to commit arson shall be ordered.
- Criminal Number 20-104: Count One (conspiracy to defraud the United States): 2 years' imprisonment to be served consecutive to the 7 years imposed in Criminal Number 19-414, 3 years of supervised release to be served consecutive to the supervised release imposed in Criminal Number 19-414, a fine, if any, to be determined by the Court, restitution of $209,727 to the Internal Revenue Service may be ordered, and a $100 special assessment.

If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and insist that the case proceed to trial.

Pursuant to USSG § 6B1.4, the parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 3-level downward adjustment under USSG §§ 3E1.1(a), (b).

Regarding restitution, in Criminal No. 19-414, the Court shall order restitution jointly against Imad and Bahaa Dawara in the amount of not less than $22,000,000, and in Criminal No. 20-104, the Court shall order Bahaa pay restitution in the amount of $209,727.  The defendant also agrees to the payment of restitution in these cases as set forth in the restitution payment agreement, dated October 23, 2020.

## V. FACTUAL BASIS FOR PLEA

If this case were to proceed to trial, the government would prove the following facts, among others, beyond a reasonable doubt, relating to **Criminal No 19-414**:

From around December 2012 until February 18, 2018, Imad and Bahaa Dawara owned and operated various restaurants and entertainment establishments at 239-241 Chestnut Street, Philadelphia, Pennsylvania, with the Revolution Diner occupying the space at the time of the arson. Imad Dawara and Bahaa Dawara agreed that they would set fire to the property and devised a plan to do so. In the early morning hours of February 18, 2018, Bahaa Dawara used gasoline to set fire to the basement of the Revolution Diner, knowing that people were sleeping above him in their homes, while Imad Dawara stayed behind in a nightclub deliberately constructing his alibi, all according to their plan.

The fire raged for hours, warranting a four-alarm response from the Philadelphia Fire Department that engaged in a defensive exterior suppression attack throughout the day. The fire resulted in the injury of two firefighters, the complete destruction of a five-level multi-purpose building that included private residences and a business, smoke and water damage to adjacent buildings, the death of a resident's pets, millions of dollars in loss to the victims and the city of Philadelphia, and the significant risk of loss of life.

Due to the structural damage to buildings, the Philadelphia Police Department closed the 200 block of Chestnut Street for months until Philadelphia License & Inspection declared it safe. An extensive Origin and Cause investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the Philadelphia Fire Department Fire Marshal's Office, classified the fire as incendiary. The investigation determined that the fire originated in the basement of

239 Chestnut Street and was the result of an open flame intentionally applied to gasoline, specifically the vapors, poured on available combustibles located in the offices in the basement.

The Dawara brothers' dangerous and malicious agreement to commit this violent crime was based, in part, on their desire to collect an insurance policy that they purchased for the property just 16 days before the fire, and as retribution against the landlord and other tenants of the building who had sought to get them evicted.

This arson affected interstate commerce because Imad and Bahaa Dawara were tenants who were leasing 239-41 Chestnut Street, as were several other tenants, residents who were renting their condominiums located above the Revolution Diner. In addition, a web design company leased the unit directly above 239-41 Chestnut Street and they engaged in business with clients outside the Commonwealth of Pennsylvania.

If this case were to proceed to trial, the government would prove the following facts, among others, beyond a reasonable doubt, relating to **Criminal No 20-14**:

Beginning in 2012, Imad Dawara and Bahaa Dawara were brothers and co-owners of RCL Management LLC (RCL), the corporation for the restaurant located at 239-41 Chestnut Street, Philadelphia, Pennsylvania, that the United States has charged them with destroying by arson. In addition to RCL, they also own and IB Management (IB Management), Noche, LLC (Noche), and Baba Restaurant, LLC (Baba). By their own admissions, they owned Noche and Baba through nominees. An investigation conducted by the Internal Revenue Service (IRS)revealed that Imad Dawara and Bahaa Dawara used these nominee entities to conceal income and assets from the IRS.

Imad and Bahaa Dawara ran the gross receipts from Noche and Baba, including profits Imad and Bahaa shared 50-50, through IB Management's bank accounts. Despite that, they did

7

not report any of the cash deposits on IB Management's filed tax returns or report any income or loss from IB Management on their 2016 or 2017 personal returns.

In and around May 2016, Imad Dawara and Bahaa Dawara purchased a nightclub, "B-Side Complex," located on Delaware Avenue in Philadelphia. Although Imad and Bahaa co-owned and operated this nightclub, the tax forms associated with B-Side Complex listed other individuals' names as the owners. Initially, Imad and Bahaa Dawara put the ownership of the nightclub under Noche, LLC, in the name of an employee of the nightclub who had zero ownership interest. In 2017, they changed the ownership of the club to their business entity, Baba. Like Noche, Imad and Bahaa listed a nightclub employee as the 100% shareholder of Baba. That employee also had no ownership interest in the nightclub. Imad and Bahaa Dawara failed to report the ordinary income of the nightclub, owned by Baba, as flow income on their personal tax returns.

In sum, Imad and Bahaa Dawara agreed to cause the filing of false Forms 1120S for RCL for the years 2015 through 2016, and IB Management and Noche for the years 2015 through 2017; and, false Form 1120 for Baba for the year 2017. Imad and Bahaa Dawara did not report any income from the B-Side Complex on their individual federal tax returns during years 2015 through 2017.

## VI. CONCLUSION

The government respectfully submits that the foregoing provides a sufficient factual basis for the guilty plea by the defendant. With the advice and consent of his attorney, the defendant entered into the guilty plea agreement, and his decision to plead guilty appears to be knowing and voluntary. For these reasons, the government asks that the Court accept the defendant's guilty plea.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
ACTING UNITED STATES ATTORNEY


s/ Jeanine Linehan
JEANINE LINEHAN
KATHERINE E. DRISCOLL
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be served on counsel of record by electronic mail as follows:

>Gerald Stein, Esquire
>Counsel for Bahaa Dawara

>s/ Jeanine Linehan
>JEANINE LINEHAN
>KATHERINE E. DRISCOLL
>Assistant United States Attorneys

Dated: February 24, 2021